# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2827

———————

Sutherland Lumber-Southwest, Inc.   *
  *
     Appellee,   *
  *
   v.   *   Appeal from the United States
  *   Tax Court
Commissioner of Internal Revenue,   *
  *
     Appellant.   *    [PUBLISHED]
  *
————————————————   *
  *
General Aviation Manufacturers   *
Association; National Business   *
Aviation Association,   *
  *
     Amici Curiae.   *

———————

Submitted: April 11, 2001
Filed: July 3, 2001

———————

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and GOLDBERG,[1]
Judge.

———————

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of
International Trade, sitting by designation.

PER CURIAM.

In this case of first impression, we must determine the amount of expenses corporations may deduct on their income tax returns when they allow their officers to use corporate aircraft for personal vacations. The Commissioner of Internal Revenue ("Commissioner"), appellant in this action, disallowed the full amount of the deductions claimed by appellee Sutherland Lumber-Southwest, Inc. ("Sutherland") for expenses incurred in providing such flights. Sutherland filed a timely petition with the United States Tax Court challenging the disallowance. We affirm the Tax Court's ruling in favor of Sutherland.

Sutherland permitted its president and vice-president (the "officers") to use its corporate jet for a variety of purposes not related to Sutherland's business, including the officers' work for other businesses and charities, and for vacation travel. Because such flights constitute "fringe benefits" within the meaning of 26 U.S.C. § 61(a)(1) (1994), the officers reported them as compensation on their personal income tax returns. In assigning a value to these flights, Sutherland used the special valuation rule set forth in 26 C.F.R. § 1.61-21(g)(5) (2001). Under this formula, the value of a flight for purposes of the officers' reported compensation is based on the Standard Industry Fare Level ("SIFL") cents-per-mile rate, multiplied by a coefficient determined by the weight of the aircraft. The actual cost to the corporation of providing the flights is irrelevant to the calculation of SIFL rates.

In preparing its own tax returns for 1992 and 1993, Sutherland deducted all expenses related to the maintenance and operation of its corporate jet, including the costs incurred in providing the officers' vacation flights, pursuant to standard business accounting practices. See 26 U.S.C. § 162 (1994) (allowing "as a deduction all the ordinary and necessary expenses paid or incurred in the taxable year in carrying on any trade or business"); 26 C.F.R. § 1.162-25T (2001) ("If an employer includes the value of a noncash fringe benefit in an employee's gross income, the employer may not

deduct this amount as compensation for services, but rather may deduct only the costs incurred by the employer in providing the benefit to the employee."). The Commissioner disallowed the full amount of Sutherland's deduction for the vacation flights, reasoning that they were a form of entertainment expense and thus subject to the rules regarding disallowance of such expenses. See 26 U.S.C. § 274 (1994 & Supp. IV 1998). Specifically, § 274(a)(1) provides:

> No deduction otherwise allowable under this chapter shall be allowed for any item–
> (A) Activity–With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation . . .
> (B) Facility–With respect to a facility used in connection with an activity referred to in subparagraph (A).

26 U.S.C. § 274. However, § 274(e)(2) states that § 274(a) "shall not apply to [e]xpenses for goods, services, and facilities, to the extent that the expenses are treated by the taxpayer, with respect to the recipient of the entertainment, amusement, or recreation, as compensation to an employee on the taxpayer's return of tax . . . ." 26 U.S.C. § 274(e)(2) (emphasis added).

The Commissioner interprets the "to the extent that" language of § 274(e)(2) to work a limitation on the amount of allowable expenses, and argues that Sutherland's deduction is limited to the amount claimed as compensation by the officers, rather than to the actual cost of providing the vacation flights. Sutherland contests this interpretation of § 274, arguing that even if a corporate aircraft can be said to be an entertainment facility, the "to the extent that" clause effects a complete exception, removing from the application of § 274(a)(1) all eligible expenses that employers treat as compensation to their employees.

Confronted by this textual ambiguity, the Tax Court employed standard canons of construction. The court contrasted the unrestricted "to the extent that" language of § 274(e)(2) with other provisions in § 274 that employ similar language but expressly

limit the available deduction.  See, e.g. 26 U.S.C. § 274(b)(1) (limiting deductions for gifts "to the extent that such expense . . . exceeds $25").  The Tax Court also observed that not only is subsection (e) captioned "[s]pecific exceptions to application of subsection (a)," but also that the pertinent Income Tax Regulation repeatedly refers to the "exceptions" of subsection (e), see  26 C.F.R. § 1.274-2(f)(2) (2000), as does the legislative history of § 274.  See S. Rep. 87-1881 (1962), reprinted in 1962 U.S.C.C.A.N. 3304, 3338-39.  The legislative history clarifies the significance of this designation: entertainment expenses that subsection (e) excepts from the operation of subsection (a) must be treated as any other normal business expense under the tax code. See id. at 3338 ("Where an expense falls within one of the enumerated exceptions, the item will continue to be deductible to the same extent as allowed by existing law.").

Against this evidence, the Tax Court considered the Commissioner's argument that Congress's stated purpose in passing § 274, to curb expense account abuse and the resultant conferral of tax-free benefits, see id. at 3327, requires parity in the amount of reported compensation and deducted expenses.  The court rejected this argument, observing that neither Sutherland nor the officers received a tax-free benefit, but that Sutherland had simply deducted its expenses as it was entitled to do under 26 U.S.C. § 162 and related provisions.  In addition, the court noted that under different factual circumstances the adjusted SIFL rate reported as compensation by the employee could actually be greater than the expenses deducted by the employer.  The court found the Commissioner's general purpose-based arguments less persuasive than the specific extratextual indications that subsection (e)(2) was meant to remove properly reported entertainment expenses from the ambit of subsection (a), and ruled in favor of Sutherland.  This conclusion obviated the need to determine whether a corporate aircraft could as a matter of fact and law constitute a "facility used in connection with [entertainment, amusement, or recreation]" under § 274.

After a complete review de novo, we agree with the Tax Court's well-reasoned opinion, and affirm on the basis of the analysis set forth therein.  See 114 T.C. 197

(2000).  Because we have nothing of substance to add to the Tax Court's thorough analysis, further discussion is superfluous.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.