T.C. Memo. 2001-202


UNITED STATES TAX COURT


NATIONAL BANCORP OF ALASKA, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6388-00.                    Filed August 1, 2001.


<u>William H. Hippee, Jr.</u>, <u>Irwin L. Treiger</u>, <u>Andrew T. Gardner</u>,
<u>Mark Alan Hagar</u>, <u>William Kenneth Wilcox</u>, and <u>Jeffrey A. Sloan</u>,
for petitioner.

<u>Jack Forsberg</u> and <u>Reid M. Huey</u>, for respondent.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:  Respondent determined a deficiency of $216,918

in petitioner's 1996 Federal income tax.  After a concession,[1]

---

[1]Petitioner concedes that it is not entitled to deduct
$17,244 of expenditures incurred in connection with a Cessna 206
prop aircraft owned by NB Aviation, Inc. (Aviation).

the issue for decision is whether petitioner's deduction for expenses incurred in providing employees with nonbusiness flights on a company-owned airplane is limited by section 274[2] to the amount reported as imputed income to the recipient employees.

Background

The parties submitted this case fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner is a corporation that had its principal place of business in Anchorage, Alaska, at the time it filed its petition. At all relevant times, petitioner had a fiscal and taxable year ending December 31 and used the accrual method of accounting for both financial reporting and tax purposes.

For the year in issue, petitioner was the parent corporation of an affiliated group of corporations that provided banking and other financial services and filed consolidated Federal income tax returns. NB Aviation, Inc. (Aviation) was a wholly owned subsidiary of petitioner and was a member of petitioner's consolidated group.[3]

Aviation owned a 1974 Gulfstream G-11B jet aircraft (the

_____

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Petitioner and Aviation are collectively referred to as "NBA".

Gulfstream).  During 1996, the Gulfstream was used partly in pursuit of NBA's trade or business for transportation purposes and partly for personal entertainment use by certain employees (the employees) of NBA.[4]  The net expenditures, including depreciation, incurred by Aviation during the taxable year 1996 in connection with the operation and ownership of the Gulfstream totaled $2,548,990.  On the basis of an allocation according to flight miles, $1,814,894, or approximately 71.2 percent, of the net expenditures was attributed to business use.  The remaining portion, $734,096, or approximately 28.8 percent, was attributed to personal entertainment use.  Petitioner deducted the entire $2,548,990 related to the operation and ownership of the Gulfstream on its 1996 Federal income tax return.

The personal entertainment use of the Gulfstream was treated as fringe benefit compensation to the recipient employees.  On the basis of the valuation rules set forth in section 1.61-21(g), Income Tax Regs., NBA determinated that the value of the fringe benefits received by the employees on account of the personal entertainment use of the Gulfstream totaled $131,575 for the taxable year 1996.  The amount of the fringe benefits attributable to each employee was included on the employees' respective Forms W-2, Wage and Tax Statement.  The $2,548,990

---

[4]The personal entertainment use consisted of hunting, fishing, vacation, and other similar trips for certain employees of NBA.

deducted by petitioner includes the $131,575 treated as fringe benefit compensation.

Discussion

The parties agree that the value of the personal entertainment use of the Gulfstream is reportable by the employees as compensation and that petitioner is entitled to deduct some amount in connection with that use. Respondent argues that the portion of petitioner's deduction for personal entertainment use reported on its 1996 Federal income tax return is limited to $131,575, the amount treated as fringe benefit compensation to the employees. Petitioner argues that it is entitled to deduct the entire amount of expenses incurred in owning and operating the Gulfstream, including any amounts attributable to personal entertainment use of the aircraft.

Section 162(a) generally provides that a taxpayer may deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business. An expenditure is "ordinary and necessary" if the taxpayer establishes that it is directly connected with, or proximately related to, the taxpayer's trade or business activities. Bingham's Trust v. Commissioner, 325 U.S. 365, 370 (1945).

As an ordinary expense of carrying on a trade or business, a taxpayer/employer may deduct expenses paid as compensation for personal services. Sec. 162(a)(1). If the compensation is in the form of a noncash fringe benefit, the employer may take a

deduction for expenses incurred in providing the benefit if the value of the noncash fringe benefit is includable in the recipient employee's gross income. Sec. 1.162-25T, Temporary Income Tax Regs., 50 Fed. Reg. 755 (Jan. 7, 1985), amended 50 Fed. Reg. 46013 (Nov. 6, 1985); see sec. 1.61-21(b), Income Tax Regs. (employee is required to include in gross income the value of any fringe benefit received). The employer may not deduct the value reported to an employee as compensation; rather, the employer is required to deduct its costs incurred in providing the benefit to the employee. Sec. 1.162-25T, Temporary Income Tax Regs., supra.

Some deductions previously allowable under section 162 were disallowed by the enactment of section 274. Section 274(a)(1)(A) generally provides for the disallowance of deductions involving an entertainment, amusement, or recreation activity. Section 274(a)(1)(B) disallows the deduction of otherwise allowable expenses incurred with respect to a facility used in connection with such activity.[5] However, section 274(e)(2) provides that

---

[5]For purposes of this analysis, we assume without deciding, that the Gulfstream was a facility within the meaning of sec. 274(a)(1)(B). The parties dispute whether the Gulfstream was a "facility" used in connection with "an activity which is of a type generally considered to constitute entertainment, amusement, or recreation". Sec. 274(a)(1)(A) and (B). However, as we noted in Sutherland Lumber-Southwest, Inc. v. Commissioner, 114 T.C. 197, 202 n.3 (2000), affd. per curiam __ F.3d __ (8th Cir., July 3, 2001), we need not decide this because sec. 274(e)(2) removes petitioner's deduction from the reach of sec. 274 and "provides a universal answer to the controversy between the parties here."

the general disallowance provision of section 274(a) will not apply to:

> Expenses treated as compensation.--Expenses for goods, services, and facilities, to the extent that the expenses are treated by the taxpayer, with respect to the recipient of the entertainment, amusement, or recreation, as compensation to an employee on the taxpayer's return of tax under this chapter and as wages to such employee for purposes of chapter 24 (relating to withholding of income tax at source on wages).  [Emphasis added.]

Respondent argues that the "to the extent" language limits petitioner's deduction to the amounts includable in income by its employees.

This is not an issue of first impression.  In Sutherland Lumber-Southwest, Inc. v. Commissioner, 114 T.C. 197, 206 (2000), affd. per curiam __ F.3d __ (8th Cir., July 3, 2001), we held that "section 274(e)(2) acts to except the deductions in controversy from the effect of section 274, and, accordingly, petitioner's deduction for operation of the aircraft is not limited to the value reportable by its employees."  Respondent recognizes that Sutherland Lumber-Southwest, Inc. precludes us from limiting petitioner's deduction to the amount treated as fringe benefit compensation to the employees, unless we choose to overrule our prior opinion.  Respondent urges us to do just that.

In Sutherland Lumber-Southwest, Inc., we provided an extensive analysis of the statute, the context in which it appears, its legislative history, and relevant regulations.  In affirming our opinion, the Court of Appeals for the Eighth

Circuit stated:

> After a complete review de novo, we agree with the Tax
> Court's well-reasoned opinion, and affirm on the basis
> of the analysis set forth therein. * * *  Because we
> have nothing of substance to add to the Tax Court's
> thorough analysis, further discussion is superfluous.
> [Sutherland Lumber-Southwest, Inc. v. Commissioner, __
> F.3d at __.]

The above quote applies to the case before us.  No purpose would be served by repeating the statutory analysis that led us to hold that an employer's deduction is not limited to the amount reportable by its employees.

The doctrine of stare decisis generally requires that we follow the holding of a previously decided case, absent special justification.  Sec. State Bank v. Commissioner, 111 T.C. 210, 213 (1998), affd. 214 F.3d 1254 (10th Cir. 2000).  While respondent has thoroughly rearticulated his arguments in support of a different interpretation of the statute, we find nothing therein that would cause us to refrain from applying the doctrine of stare decisis in the instant case.  Accordingly, we hold that petitioner's deduction for operation of the Gulfstream is in no way limited by the value reportable by its employees.

Decision will be entered

under Rule 155.