T.C. Memo. 2001-203

UNITED STATES TAX COURT

MIDLAND FINANCIAL CO. AND SUBSIDIARIES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 12302-99, 4574-00.            Filed August 1, 2001.

Steven T. Ledgerwood and Alan G. Holloway, for petitioner.

Ann L. Darnold and Michael J. O'Brien, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  Respondent determined the following

deficiencies in petitioner's Federal income taxes:

| TYE | Deficiency |
| --- | --- |
| July 31, 1995 | $132,164 |
| July 31, 1996 | 123,604 |
| Dec. 31, 1996 | 52,851 |

After taking into consideration the agreed adjustments contained

in the notice of deficiency for the years ending July 31, 1995

and 1996, the issue for decision is whether petitioner's deductions for expenses incurred in providing officers with nonbusiness flights on a company-owned airplane are limited by section 274[1] to the amount reported as imputed income to the recipient officers.

Background

The parties submitted this case fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner is a corporation that had its principal place of business in Oklahoma City, Oklahoma, at the time it filed its petition.

For the period in issue, petitioner had fiscal years ending July 31, 1995 and 1996. Petitioner also had a short taxable year beginning August 1 and ending December 31, 1996. Petitioner timely filed its Forms 1120, U.S. Corporation Income Tax Return, for the years in issue. Petitioner uses the accrual method of accounting for tax purposes.

Petitioner is principally engaged in the business of providing financial services. Petitioner's headquarters are located in Oklahoma City, and, through its subsidiaries, petitioner has retail bank locations throughout Oklahoma.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner originates and services commercial, consumer, and residential loans throughout the country.

Midland Aviation Co. (Aviation) was a subsidiary of petitioner and filed consolidated Federal income tax returns with petitioner. On April 20, 1995, Aviation was liquidated and a Falcon 200 aircraft (the Falcon) owned by Aviation was transferred to petitioner. During the years in issue, petitioner used the Falcon predominantly for business travel, but it was occasionally used for personal travel by George and Jeff Records (the Recordses), two corporate officers of petitioner. Petitioner kept accurate records that indicate the nature of the flights of the Falcon.[2]

The personal use of the Falcon was treated as compensation to the Recordses. On the basis of the valuation rules set forth in section 1.61-21(g), Income Tax Regs., petitioner properly determined that the value of the personal use to the Recordses was $48,424, $45,076.57, and $14,916, respectively, for the taxable years ending July 31, 1995, July 31, 1996, and the short taxable year ending December 31, 1996. Petitioner reported these

---

[2]On the basis of an allocation according to flight miles, the percentages attributable to business use and personal use during the years in issue were as follows:

| TYE | Business | Personal |
|---|---|---|
| July 31, 1995 | 80% | 20% |
| July 31, 1996 | 69 | 31 |
| Dec. 31, 1996 | 68 | 32 |

amounts on the Recordses' respective Forms W-2, Wage and Tax Statement, as wages subject to withholding, and the Recordses reported these amounts as compensation on their respective individual income tax returns. The personal use of the Falcon served to compensate the Recordses for their services as employees of petitioner and did not constitute constructive dividends to them. The amounts of compensation paid to the Recordses during the years in issue, including the value of the personal use of the Falcon, were reasonable.

On its Federal income tax returns, petitioner deducted the following amounts with respect to the operation of the Falcon:

| TYE | Amount |
|-----|--------|
| July 31, 1995 | $2,126,223.00 |
| July 31, 1996 | 1,282,081.52 |
| Dec. 31, 1996 | 530,957.18 |
| Total | 3,939,261.70 |

The amounts deducted by petitioner include the amounts treated as compensation to the Recordses for the personal use of the Falcon. Respondent disallowed petitioner's deductions related to the Falcon to the extent that the portion of the deduction amounts attributable to the personal use of the Falcon exceeded the amounts treated as compensation to the Recordses for such use.[3]

---

[3]Respondent determined the disallowed amount for each year in issue by multiplying the total amount deducted by the percentage attributable to personal use and then subtracting the amounts included on the Recordses' respective Forms W-2.

Discussion

The parties agree that the value of the personal use of the Falcon is reportable by the Recordses as compensation and that petitioner is entitled to deduct some amount in connection with that use. Respondent argues that the amounts of petitioner's deductions attributable to the personal use of the Falcon are limited to the amounts reported as wages to the Recordses for such use. Petitioner argues that the portion of petitioner's deduction attributable to the personal use of the Falcon is not limited to the amounts reported as wages to the Recordses in connection with the personal use.

Section 162(a) generally provides that a taxpayer may deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business. An expenditure is "ordinary and necessary" if it is directly connected with, or proximately related to, the taxpayer's trade or business activities. Bingham's Trust v. Commissioner, 325 U.S. 365, 370 (1945).

As an ordinary expense of carrying on a trade or business, a taxpayer/employer may deduct expenses paid as compensation for personal services. Sec. 162(a)(1). If the compensation is in the form of a noncash fringe benefit, the employer may take a deduction for expenses incurred in providing the benefit if the value of the noncash fringe benefit is includable in the

recipient employee's gross income.  Sec. 1.162-25T, Temporary

Income Tax Regs., 50 Fed. Reg. 755 (Jan. 7, 1985), amended 50

Fed. Reg. 46013 (Nov. 6, 1985); see sec. 1.61-21(b), Income Tax

Regs. (employee is required to include in gross income the value

of any fringe benefit received).  The employer may not deduct the

value reported to an employee as compensation; rather, the

employer is required to deduct its costs incurred in providing

the benefit to the employee.  Sec. 1.162-25T, Temporary Income

Tax Regs., supra.

Some deductions previously allowable under section 162 were

disallowed by the enactment of section 274.  Section 274(a)(1)(A)

generally provides for the disallowance of deductions involving

an entertainment, amusement, or recreation activity.  Section

274(a)(1)(B) disallows the deduction of otherwise allowable

expenses incurred with respect to a facility used in connection

with such activity.  However, section 274(e)(2) provides that the

general disallowance provision of section 274(a) will not apply

to:

> Expenses treated as compensation.--Expenses for goods,
> services, and facilities, to the extent that the
> expenses are treated by the taxpayer, with respect to
> the recipient of the entertainment, amusement, or
> recreation, as compensation to an employee on the
> taxpayer's return of tax under this chapter and as
> wages to such employee for purposes of chapter 24
> (relating to withholding of income tax at source on
> wages).

Respondent argues that section 274 limits the amounts of petitioner's deductions attributable to the personal use of the Falcon to the amounts reported by petitioner as wages attributable to that personal use.

This is not an issue of first impression. In <u>Sutherland Lumber-Southwest, Inc. v. Commissioner</u>, 114 T.C. 197, 206 (2000), affd. per curiam __ F.3d __ (8th Cir., July 3, 2001), we held that "section 274(e)(2) acts to except the deductions in controversy from the effect of section 274, and, accordingly, petitioner's deduction for operation of the aircraft is not limited to the value reportable by its employees." Respondent recognizes that <u>Sutherland Lumber-Southwest, Inc.</u> precludes us from limiting petitioner's deduction to the amount treated as compensation to the Recordses, unless we choose to overrule our prior opinion. Respondent urges us to do just that.

In <u>Sutherland Lumber-Southwest, Inc.</u>, we provided an extensive analysis of the statute, the context in which it appears, its legislative history, and relevant regulations. In affirming our opinion, the Court of Appeals for the Eighth Circuit stated:

> After a complete review de novo, we agree with the Tax Court's well-reasoned opinion, and affirm on the basis of the analysis set forth therein. * * * Because we have nothing of substance to add to the Tax Court's thorough analysis, further discussion is superfluous. [<u>Sutherland Lumber-Southwest, Inc. v. Commissioner</u>, __ F.3d at __.]

The above quote applies to the case before us.  No purpose would be served by repeating the statutory analysis that led us to hold that an employer's deduction is not limited to the amount reportable by its employees.

The doctrine of stare decisis generally requires that we follow the holding of a previously decided case, absent special justification.  Sec. State Bank v. Commissioner, 111 T.C. 210, 213 (1998), affd. 214 F.3d 1254 (10th Cir. 2000).  While respondent has thoroughly rearticulated his arguments in support of a different interpretation of the statute, we find nothing therein that would cause us to refrain from applying the doctrine of stare decisis in the instant case.  Accordingly, we hold that petitioner's deductions for operation of the Falcon are in no way limited by the value reportable by the Recordses.

Decisions will be entered

under Rule 155.